IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ELIZABETH M., et. al.,          )
                                )
              Plaintiffs,       )          8:02CV585
                                )
          v.                    )
                                )
RON D. ROSS, et. al.,           )       MEMORANDUM AND ORDER
                                )
              Defendants.       )
_____)
```

This matter is before the Court on plaintiffs' Motion
for Class Certification and Appointment of Class Counsel (Filing
No. 90).  After carefully reviewing the motion, the briefs of the
parties, and the evidence submitted in support thereof, the Court
finds that the plaintiffs' motion should be granted.

## I. BACKGROUND

Before turning to the merits of the plaintiffs' motion,
the Court will provide a brief summary of the background of this
case.  The plaintiffs, women with mental illnesses and
developmental disabilities, are present or former patients at the
State of Nebraska's three custodial mental health facilities:
Lincoln Regional Center (LRC), Norfolk Regional Center (NRC), and
Hastings Regional Center (HRC).  The defendants are seven
officials of the State of Nebraska: Ron D. Ross, the Director of
the Nebraska Health and Human Services System (NHHSS), which
operates the Regional Centers; Barbara Ramsey, the Chief
Executive Officer of LRC;  Richard Gamel, the Chief Executive

Officer of NRC; William Gibson, the Chief Executive Officer of HRC; Y. Scott Moore, M.D., the Clinical Director of LRC; Stephen O'Neill, M.D., the Clinical Director of NRC; and Richard Dyer, M.D., the Acting Clinical Director of HRC.  The defendants have been sued in their official capacities.

          The plaintiffs have filed a class action complaint, on behalf of themselves and all other women similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The plaintiffs claim violations of their constitutional and statutory rights, based on the alleged rape, sexual assault, exploitation and harassment they endured at the hands of staff members and male residents while patients at the Regional Centers.  The plaintiffs claim that the defendants were aware of the assaults, and took no protective measures to prevent their occurrence.  The plaintiffs also allege that the defendants failed to provide appropriate treatment for their mental health needs. Specifically, the plaintiffs allege violations of their rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the U.S. Constitution, the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, and the laws of the State of Nebraska.  As a result of these allegations, the plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief.  The plaintiffs now ask the Court to certify this case as a class

-2-

action under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

## II.  CLASS CERTIFICATION

"In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994), citing *Smith v. Merchants & Farmers Bank of West Helena*, 574 F.2d 982, 983 (8th Cir. 1978). "Class certification must be based on the facts and circumstances of each individual case, and must depend upon a careful balance between the convenience of maintaining a class action and the need to guarantee adequate representation to the class members." *Caroline C. v. Johnson*, 174 F.R.D. 452, 459 (D. Neb. 1996), citing *Wright v. Stone Container Corp.*, 524 F.2d 1058, 1061 (8th Cir. 1975).  "A district court has broad discretion in determining whether to certify a class, and its determination will not be overturned absent a showing that it abused its discretion." *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 436 (8th Cir. 1999), quoting *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir. 1983), cert. denied, 466 U.S. 972, 80 L. Ed. 2d 820, 104 S. Ct. 2347 (1984).

### A.  Definition of the Class

"Although not specifically mentioned in the rule, the definition of the class is an essential prerequisite to

-3-

maintaining a class action." *Caroline C.*, 174 F.R.D. at 459,

citing *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4ᵗʰ Cir. 1976).

Moreover,

> [t]he membership of the class must
> be capable of ascertainment under
> some objective standard so that the
> court may insure that the interests
> of the class are adequately
> represented.  Further, the class
> definition must not be defined so
> broadly that it encompasses
> individuals with little connection
> to the claims at issue, and the
> boundaries of the class must not be
> amorphous.

*Caroline C.*, 174 F.R.D. at 459 (citations omitted).

In this case, plaintiffs ask the Court to certify a

class consisting of:

> All women who were subjected to
> rape, sexual assault, sexual
> harassment, sexual exploitation,
> and physical assault, during all
> material times, while in the care
> and custody of Nebraska Health and
> Human Services System (NHHSS) as
> residents at one or more of the
> NHHSS residential mental health
> facilities; and all women who are
> currently, or in the future will
> be, in the care and custody of the
> NHHSS and placed as residents at
> one or more of the NHHSS
> residential mental health
> facilities.

(Filing No. 90).  The proposed representatives of the class are:

Elizabeth M.; Selena T., by and through her legal guardian,

Carolyn Tankersley; Jennifer H.; Juliana W.; Penny G.; Ethel H.;

Mary W.; Robin H.; Theresa L.-R.; Sara M.; Tamika S., by and through her legal guardian, Sandra Tani; Pam B.; Caroline C., by and through her legal guardian, Theda Carter; Jolene B.; and Susan Z.

The defendants argue that the plaintiffs' proposed class cannot be certified in its present form for several reasons. First, the defendants claim that *past* female patients at the NHHSS facilities cannot be certified as class members because they are no longer subject to an ongoing violation of federal law. The Eleventh Amendment grants state officials immunity from an action for damages or injunctive relief in federal court. However, in *Ex Parte Young*, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908), the Supreme Court carved out a narrow exception to this rule. Under *Ex Parte Young*, the plaintiffs can bring an action against a state official in federal court if the complaint alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 645, 152 L. Ed. 2d 871, 122 S. Ct. 1753 (2002). The defendants claim that women who are no longer patients at the NHHSS facilities are not subject to an ongoing constitutional violation, and therefore they cannot bring a claim against state officials under *Ex Parte Young*. The defendants also argue that

-5-

past patients cannot be certified as class members because they would not benefit from prospective relief.

The plaintiffs, however, argue that courts regularly certify past plaintiffs as class members. The plaintiffs also argue that the former NHHSS patients are subject to an ongoing violation of federal law, due to the defendants' continued failure to provide them with adequate mental health treatment. Moreover, even if the former patients were not subject to an ongoing violation of federal law, the plaintiffs claim that they could still be certified as members of the class. As the Supreme Court has stated, "When the claim on the merits is 'capable of repetition, yet evading review,' the named plaintiff may litigate the class certification issue despite loss of his personal stake in the outcome of the litigation." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 398, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980). The *Geraghty* Court further stated:

> The "capable of repetition, yet
> evading review" doctrine, to be
> sure, was developed outside the
> classaction [sic] context. But it
> has been applied where the named
> plaintiff does have a personal
> stake at the outset of the lawsuit,
> and where the claim may arise again
> with respect to that plaintiff; the
> litigation then may continue
> notwithstanding the named
> plaintiff's current lack of a
> personal stake. Since the litigant
> faces some likelihood of becoming
> involved in the same controversy in

-6-

> the future, vigorous advocacy can
> be expected to continue.

*Id.* (citations omitted).  This principle was applied by an Eighth Circuit district court in *Christina A. ex rel. Jennifer A. v. Bloomberg*, 197 F.R.D. 664, 667 (D. S.D. 2000).  In *Christina A.*, the plaintiffs sought declaratory and injunctive relief against the defendants, claiming that their rights had been violated due to the conditions of confinement and the policies, practices, acts, and omissions at Plankinton, a juvenile correction facility.  The defendants argued that four of the named plaintiffs were not proper representatives of the class because they had been transferred out of Plankinton.  However, the Court held:

> The fact that four Plaintiffs . . .
> have been transferred does not make
> them inadequate representatives.
> . . . Even if these four Plaintiffs
> lost their personal stake as a
> result of their transfer, . . .
> just as these four Plaintiffs were
> transferred out of Plankinton, they
> could be transferred back to
> Plankinton and become subject once
> again to the conditions, policies
> and practices they now object to.
> . . . Therefore, even if the four
> named Plaintiffs that have been
> removed from Plankinton have lost
> their personal stake, they may
> still be representatives of the
> class.

*Christina A.*, 197 F.R.D. at 670.  In addition, the Court reasoned:

-7-

> If being transferred from a
> facility were enough to prevent a
> plaintiff from representing a
> class, defendants would only need
> to transfer all of the named
> Plaintiffs out of the facility in
> question to defeat an action.  It
> would be impossible then for any of
> the conditions at Plankinton, or
> any DOC facility, to be reviewed.
> As a result, claims such as the
> ones present here, then, would be
> "capable of repetition, yet evading
> review."

*Id.* at 670 n.7.  The same is true in this case.  Even though the

past patients of the NHHSS facilities have, for the time being,

lost their personal stake in the outcome of this litigation, the

Court finds that they may still be certified as members of the

class.  As the plaintiffs have stated, many of these women have

been residents of the NHHSS facilities on more than one occasion

in the past, and it is possible that they could become residents

again in the future, due to their continuing mental illnesses.

If they become residents again in the future, they will once

again be subject to the policies and practices they now object

to.  Thus, their claims are "capable of repetition, yet evading

review."  Moreover, as the *Christina A.* court recognized, if the

defendants' arguments were to succeed, the defendants would be

able to defeat future claims by simply releasing or transferring

residents from the facilities.

Next, the defendants argue that *future* female patients

cannot be certified as class members because the class would be

-8-

too indefinite.  According to the defendants, "[a]ny woman on earth might be a patient in the future."  (Defendants' Brief in Opposition to Class Certification at 16).  The defendants also argue that future patients cannot be included in the class because "[a] speculative or hypothetical claim of future injury is insufficient to generate standing."  *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994).  Rather, a plaintiff must show that she "has sustained or is immediately in danger of sustaining some direct injury" in order to have standing.  *Los Angeles v. Lyons*, 461 U.S. 95, 102, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983).  According to the defendants, future patients at the NHHSS facilities face no immediate threat of injury, and therefore have no standing.

The plaintiffs, however, argue that classes containing future members are not indefinite, and that courts have regularly certified classes which include persons who "will, in the future" be members of the class.  The Court agrees.  For instance, in *Caroline C.*, the plaintiffs sought to certify a class that included "all women who are currently patients at the Hastings Regional Center (HRC), and all those women who were in the custody of the Defendants at the HRC, during all material times, or in the future."  174 F.R.D. at 456.  The defendants argued that the proposed class was ill-defined and untenable.  However, the Court held that there would be no difficulty in determining

-9-

whether a person was a member of the class, because
"[r]esidential treatment at HRC provides a definite boundary
between those women who are members of the putative class and
those who are not." *Id.* at 460.  The Court found that those
women who were raped or assaulted at the HRC had clearly suffered
an actual injury, and those women could be members of the class
even if they were no longer patients at the HRC.  In addition,
the Court believed that the class could also include those women
who were currently patients at the HRC, and those women who would
be patients of the HRC in the future, even if those women had not
yet been raped or assaulted, because "according to the
allegations of the complaint those women are or will be subject
to policies and practices that create a risk of harm to them."
*Id.* at 462.  The *Caroline C.* Court cited a long list of cases in
which courts have certified classes composed, in part, of persons
who will be subject to a policy or practice that may in the
future subject them to harm.  See *Caroline C.*, 174 F.R.D. at 461.
The Court did suggest, however, that the class be redefined so as
not to include women who were no longer patients at the HRC and
had not been raped or assaulted while at the facility, because
those women had not suffered and would not suffer an actual
injury.  Instead, the Court suggested that the class be redefined
to include only women who were assaulted or raped at the HRC in
the past, and all current or future patients of the HRC.

In this case, the proposed class is nearly identical to the Court's suggested class in *Caroline C*. The proposed class includes all women who were assaulted or raped at the NHHSS facilities in the past, and all current or future patients of the NHHSS facilities. Thus, under the reasoning of *Caroline C.*, the Court finds that, although the plaintiffs' proposed class includes future members, it is well defined and capable of ascertainment.

Finally, the defendants argue that most of the named plaintiffs are improper representatives of the class because they are not presently patients at the NHHSS facilities. Of the sixteen plaintiffs named in the complaint, only Caroline C. and Susan Z. are presently patients at one of the facilities. The defendants claim that "[a] fundamental requirement of representatives in a class action is that they must be members of the subclasses they seek to represent." *Roby v. St. Louis Southwestern Railway Co.*, 775 F.2d 959, 961 (8th Cir. 1985), citing *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 52 L. Ed. 2d 453, 97 S. Ct. 1891 (1977). Moreover, a plaintiff "is not a proper representative of the class where [she herself] lacks standing to pursue the claim." *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998). Instead, the defendants argue that the underlying claims should

be presented by persons who are presently patients at the facilities and have a real stake in the outcome of the suit.

The Court has already held that past patients who were raped or assaulted at the NHHSS facilities can be members of the class because their claims are "capable of repetition, yet evading review." Because the Court has determined that former patients can be members of the class, it follows that they can also be representatives of the class. Accordingly, the Court will now consider whether the requirements for class certification under Rule 23(a) have been met.

## B.  Rule 23(a)

Federal Rule of Civil Procedure 23(a) permits class certification where (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Each element of Rule 23(a) must be satisfied in order to obtain certification of the class.

### 1) Numerosity:

The first prerequisite the plaintiffs must meet under Rule 23(a) is numerosity. The numerosity requirement is satisfied if the potential class is so numerous that joinder of

all members is impracticable.  Fed. R. Civ. P. 23(a)(1).
According to the plaintiffs, the proposed class consists of
approximately 1,000 women who have been affected by the lack of
mental health services at the NHHSS facilities, including at
least 100 women who have been subjected to assault and rape.  The
class also includes an undetermined number of potential future
members.

The Court believes that the numerosity requirement is
satisfied in this case.  "Plaintiffs need not show that joinder
is impossible, but that joining all members of the class would be
difficult."  *Caroline C.*, 174 F.R.D. at 462.  The *Caroline C.*
court further stated:

> Certainly, where the class is very
> large -- for example numbering in
> the hundreds -- joinder will be
> impracticable . . . . In light or
> [sic] prevailing precedent, the
> difficulty inherent in joining as
> few as 40 class members should
> raise a presumption that joinder is
> impracticable, and the plaintiff
> whose class is that large or larger
> should meet the test of Rule
> 23(a)(1) on that fact alone.

*Id.*, citing Newberg, Class Actions § 3.05, at 3-25.  See also
*Robidoux v. Celani*, 987 F.2d 931, 936 (2nd Cir. 1993); *Lockwood
Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 574 (D.
Minn. 1995).  At approximately 1,000 women, the proposed class in
this case is significantly larger than 40 members.  Therefore,
based on the reasoning of Newberg, *Robidoux*, and *Lockwood*, there

-13-

is a presumption that joinder is impracticable.  Moreover, the
fact that unknown persons are involved in this case also makes
joinder impracticable.  "Since there is no way now of determining
how many of these future plaintiffs there may be, their joinder
is impracticable." *Caroline C.*, 174 F.R.D. at 463, citing *Ellis
v. Naval Air Rework Facility*, 404 F. Supp. 391, 396 (N.D. Cal.
1975), rev'd on other grounds, 608 F.2d 1308 (9th Cir. 1979).

    **2) Commonality:**

       The second prerequisite the plaintiffs must meet under
Rule 23(a) is commonality.  The commonality requirement is
satisfied if there are questions of law or fact common to the
class.  Fed. R. Civ. P. 23(a)(2).  "Rule 23 is satisfied when the
legal question 'linking the class members is substantially
related to the resolution of the litigation.'" *DeBoer v. Mellon
Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995), quoting *Paxton
v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).
"However, 'the rule does not require that every question of law
or fact be common to every member of the class. . . .'" *Caroline
C.*, 174 F.R.D. at 464, quoting *Paxton*, 688 F.2d at 561.
"Instead, Rule 23(a)(2) requires only that the course of conduct
giving rise to a cause of action affects all class members, and
that at least one of the elements of that cause of action is
shared by all class members." *Caroline C.*, 174 F.R.D. at 464,

citing *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 575 (D. Minn. 1995).

The plaintiffs claim that there are questions of law and fact common to the proposed class in this case, and the defendants do not contest this issue in their brief.  In fact, the defendants concede that this requirement has been met.  (See Defendants' Brief in Opposition to Class Certification at 7-8).  Thus, the Court finds that the commonality requirement is satisfied in this case.

**3) Typicality:**

The third prerequisite the plaintiffs must meet under Rule 23(a) is typicality.  The typicality requirement is satisfied if the claims or defenses of the representative parties are typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).  In other words, the representative parties "must be a part of the class and 'possess the same interest and suffer the same injury' as the class members."  *Caroline C.*, 174 F.R.D. at 464, citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982).

In this case, the defendants claim that "[t]ypicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

liability.'"  *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)(quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).  According to the defendants, each plaintiff alleges that she was the victim of one or more separate incidents of sexual assault, and to prove their claims, the representative plaintiffs will have to prove sixteen individual courses of events.  Thus, the defendants argue that the proposed class does not satisfy the typicality requirement because the claims of the plaintiffs and class members each arise from a separate course of events.

The defendants' argument is unpersuasive, and virtually identical to the argument that was rejected by the Court in *Caroline C.*[1]  While it is true that typicality is satisfied if each class member's claim arises from the same course of events, there are also other ways to satisfy the typicality requirement. For instance, the Eighth Circuit has held that the typicality requirement is met when the claims are based on the same legal theories:  "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally

---

[1]  The Court stated, "Defendants' contention that the harm suffered by the plaintiffs is different in each case is specious."  174 F.R.D. at 465 n.14.  The defendants relied on *Jeannides v. U.S. Home*, 114 F.R.D. 29 (N.D. Ill. 1987), but the Court found that case distinguishable "because the plaintiffs in *Jeannides* were seeking damages from the defendant under Rule 23(b)(3), while this action involves only a request for injunctive and declaratory relief[.]"  *Id.*

not sufficient to preclude class action treatment." *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995), citing *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977). Moreover, "[t]he burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer,* 64 F.3d at 1174, citing *Paxton*, 688 F.2d at 562. The Court believes that the class members in this case all have claims similar to the named plaintiffs. As the *Caroline C.* court stated, "the interests of the named plaintiffs in protecting themselves from rapes and assaults by male patients at HRC clearly align with those of the members of the class as a whole." 174 F.R.D. at 465. The same is true in this case. Thus, the Court finds that the typicality requirement is satisfied.

**4) Adequacy**:

The final prerequisite the plaintiffs must meet under Rule 23(a) is adequacy. The adequacy requirement is satisfied if the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). To satisfy this element, the plaintiffs must show that "(1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously, and (2) each representative's interests are sufficiently similar to those of the class such that it is unlikely that their goals and

-17-

viewpoints will diverge." *Caroline C.*, 174 F.R.D. at 466, citing *Lockwood*, 162 F.R.D. at 576.

The plaintiffs argue that the representative parties' attempt to require the defendants to bring NHHSS policies and practices up to constitutional and statutory requirements is coextensive with the interests of the remainder of the proposed class. The plaintiffs also claim there is no evidence of conflicting claims among members of the proposed class. Moreover, the representative plaintiffs believe their attorneys at Nebraska Advocacy Services ("NAS") are fully competent to prosecute this case as a class action. According to the plaintiffs, NAS has represented hundreds of clients in order to secure rights for Nebraska citizens with developmental disabilities or mental illnesses. NAS has assigned three full-time attorneys, two paralegals, and two part-time law clerks to prosecute this action. Finally, the attorneys have a combined thirty-six (36) years of experience representing clients with developmental disabilities and mental illnesses, and one of them has previously prosecuted class actions.

The Court believes that the representative parties' interests are sufficiently similar to those of the class, and that the representative parties and their attorneys will fairly and adequately protect the interests of the class. Furthermore, the defendants do not contest the adequacy issue in their brief.

-18-

Thus, the Court finds that the plaintiffs have satisfied the final requirement for class certification under Rule 23(a).

### C.  Rule 23(b)

Although the Court has found that the plaintiffs have satisfied all of the requirements of Rule 23(a), the inquiry does not end here.  In addition to satisfying all four elements of Rule 23(a), the plaintiffs must satisfy one of the three alternative requirements of Rule 23(b).  The plaintiffs seek certification under Rule 23(b)(2), which provides that an action may be maintained as a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]"  Fed. R. Civ. P. 23(b)(2).  In this case, the plaintiffs claim that the defendants have acted or refused to act on grounds generally applicable to the class as a whole, thereby making injunctive or declaratory relief an appropriate remedy with respect to the class.  The Eighth Circuit has stated, "If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)."  *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995), quoting 7A Charles A. Wright et al., Federal Practice and Procedure

-19-

§ 1772, at 425 (2d ed. 1986).  Moreover, the Third Circuit has

noted that Rule 23(b)(2) "is almost automatically satisfied in

actions primarily seeking injunctive relief."  *Baby Neal For and*

*By Kanter v. Casey*, 43 F.3d 48, 58 (3ʳᵈ Cir. 1994).  In this

case, the plaintiffs seek only declaratory and injunctive relief.

Thus, the Court finds that certification is appropriate under

Rule 23(b)(2).

The plaintiffs also claim that the proposed class fits

the requirements of Rule 23(b)(1)(B), which allows for class

certification when the prosecution of separate actions by

individual members of the class would create a risk of

"adjudications with respect to individual members of the class

which would as a practical matter be dispositive of the interests

of the other members not parties to the adjudications or

substantially impair or impede their ability to protect their

interests[.]"  Fed. R. Civ. P. 23(b)(1)(B).  As the Court stated

in *Caroline C.*:

> An adjudication on the merits of
> the claims of the named plaintiffs
> in this case would, as a practical
> matter, be dispositive of the
> interests of the other members of
> the class.  Any change in the
> policy or practices of the
> defendants at HRC would affect
> absent members of the class,
> because they are or will be subject
> to those policies or practices.
> Although actions involving
> injunctive and declaratory relief
> that affect the interests of an

-20-

> entire class are most often brought
> under Rule 23(b)(2), they may also
> be brought under Rule 23(b)(1)(B).

*Caroline C.*, 174 F.R.D. at 467, citing Wright, Miller, and Kane, Federal Practice and Procedure § 1774, at 446.  The same is true in this case.  A change in the policies and practices of the defendants at the NHHSS facilities would affect absent members of the class, because the absent members are or will be subject to those policies or practices.  Moreover, an adjudication of the claims of the named plaintiffs would be dispositive of the interests of the other members of the class.  Thus, the Court finds that certification is also appropriate under Rule 23(b)(1)(B).[2]

### III.  APPOINTMENT OF CLASS COUNSEL

The plaintiffs also move the Court to appoint NAS as class counsel.  The Court believes that the NAS attorneys are fully competent to handle this matter, and the defendants raise no objection.  Thus, the Court finds that NAS should be appointed as class counsel in this case.  Accordingly,

---

[2]  The Court recognizes that "notice to the plaintiff class is not required under Rule 23(b)(2) or 23(b)(1)(B), and class members are not entitled to 'opt out' of the action as they would be under Rule 23(b)(3)."  *Caroline C.*, 174 F.R.D. at 467 n.18, citing *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 875 (8th Cir. 1977).

IT IS ORDERED:

1)  The plaintiffs have satisfied the requirements of Rules 23(a), 23(b)(2), and 23(b)(1)(B).  Plaintiffs' motion for class certification (Filing No. 90) is granted.  This action shall proceed as a class action on behalf of the following class:

> All women who were subjected to rape, sexual assault, sexual harassment, sexual exploitation, and physical assault, while in the care and custody of Nebraska Health and Human Services System (NHHSS) as residents at one or more of the NHHSS residential mental health facilities; and all women who are currently, or in the future will be, in the care and custody of the NHHSS and placed as residents at one or more of the NHHSS residential mental health facilities.

2)  Plaintiffs' motion for appointment of class counsel (Filing No. 90) is granted.  Nebraska Advocacy Services, Inc., is hereby appointed as class counsel.

DATED this 11th day of May, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
            LYLE E. STROM, Senior Judge
            United States District Court

-22-