IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELIZABETH M., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:02CV585 |
| | ) | |
| v. | ) | |
| | ) | |
| RON D. ROSS, et al., | ) | MODIFIED PROGRESSION ORDER |
| | ) | |
| Defendants. | ) | |

This matter having come before this court on the Joint Stipulation and Motion of the parties, the Court finds that the plaintiffs and the defendants, by and through their respective attorneys, have jointly stipulated the certain matters, and the court is willing to accept matters as agreed to in that joint stipulation and motion.

IT IS ORDERED that the Progression Order is modified as follows:

1. **Final Settlement Conference/Preliminary Pretrial Conference:**  As requested by Judge Piester, a Final Settlement Conference/Preliminary Pretrial Conference set for **October 4, 2006, at 9 a.m.** before Magistrate David L. Piester, 566 Federal Building and United States Courthouse, Lincoln, Nebraska.

2. **Discovery Deadline**: All discovery, whether or not intended to be used at trial, shall be completed by **Friday, March 30, 2007**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as

amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

    3. **Limits on Discovery**. Each party is limited to serving fifty (50) interrogatories, including subparts, on any other party. Each party is limited to taking thirty (30) depositions in this case, without leave of court.

    4. **Disclosure of Expert Witnesses**.[1] On or before **November 15, 2006**, the plaintiff shall identify all expert witnesses and shall serve the defendant with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. On or before **January 2, 2007**, the defendant shall identify all expert witnesses and shall serve the plaintiff with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rules 702, 703, or 705, Federal Rules of Evidence. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).

    5. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    A.    **Nonexpert Witnesses –March 15, 2007**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    B.    **Deposition Testimony and Discovery – April 6, 2007**: 1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. See NELR 16.2.

    C.    **Trial Exhibits – April 6, 2007**: A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

    D    **Waiver of Objections**: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

    E.    **Filing of Disclosures**: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

    6.  **Rule 104 Hearings**. Any pretrial motion which will require an evidentiary hearing pursuant to Fed. R. Evid. 104 shall be filed not later than ten (10) working days following the deadline for the completion of depositions.

In addition, if the requested hearing involves a <u>Daubert- Kumho</u> question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(2)(2)(A)&(B) must be submitted to Judge Strom's chambers when the motion is filed.

**Absence of a request for a hearing may be deemed waiver of the right to a hearing**. A brief in support and all material regarding the requested hearing must be delivered to Judge Strom's chambers when the Rule 104 hearing motion is filed. Opposing parties are given ten (10) days thereafter to deliver briefs in opposition.

7. **The Final Pretrial Conference** is set for **April 6, 2007, at 10:00 A.M.** before Magistrate David L. Piester, 566 Federal Building and United States Courthouse, Lincoln, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

8. **Trial**: Is set to commence at **9:00 A.M. on Monday, May 7, 2007,** in Omaha, Nebraska, before the Honorable Lyle E. Strom. Twenty (20) trial days shall be allotted for this non-jury trial.

9. **Motions to Alter Dates**: All requests for changes of date settings shall be directed to the undersigned judge by appropriate motion.

DATED this 10th day of August, 2006.

BY THE COURT

/s/ Lyle E. Strom

_____

**LYLE E. STROM**
**United States District Judge**